Wilson Elser Moskowitz Edelman & Dicker LLP
Attorneys for Lexington Insurance Company
1133 Westchester Avenue
White Plains, New York 10604
Attn: David L. Tillem, Esq.
Tel. 914-872-7104
Fax. 914-323-7001
Our File No. 10907.00227

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x      Motion Returnable: January 15, 2015 @ 11:00 am

In re:                                                       Case No. 11-42921-CEC

DAVID HERZ,                                                  Chapter 7

                    Debtor.                OBJECTION OF LEXINGTON INSURANCE COMPANY
                                      TO DEBTOR'S MOTION TO DISMISS CASE

-----------------------------------------------------x

TO:  HON. CARLA E. CRAIG:
      CHIEF UNITED STATES BANKRUPTCY JUDGE

        Lexington Insurance Company ("Lexington"), by its counsel, Wilson Elser Moskowitz

Edelman & Dicker LLP, as and for its objection to the Debtor's Motion to Dismiss his bankruptcy

case pursuant to §§305(a) and 707(a) of the United States Bankruptcy Code, respectfully states

as follows:

        1.      Lexington is the Assignee of three judgments against Esther Herz, the spouse of

the debtor David Herz (the "Debtor"). Those judgments were liens against the real property

subsequently transferred, without consideration, by Esther to the Debtor. Thus, when he

acquired his listed real property at 1148 East 10th Street, Brooklyn, New York, he did so subject

1

5356977v.1

Case 1-11-42921-cec   Doc 38   Filed 01/08/15   Entered 01/08/15 14:46:59

to those judgment liens.  As set forth below, the Debtor recognized this in his scheduling of the Bogatz judgment.

2.        Lexington filed three proofs of claim on January 7, 2015, Claims 3, 4 and 5. Copies of the three proofs of claim are attached as Exhibits "A-1", "A-2" and "A-3."

3.        Lexington was not aware that the Debtor's bankruptcy case had been reopened in 2014 until Moshie Solomon, counsel for the trustee, contacted this office on Monday, January 5, 2015, and advised us that the Debtor's case had been reopened due to the potential inheritance and that the Debtor now sought to dismiss the case on the ground there were no creditors.  He inquired as to whether Lexington had an interest.  Clearly, Lexington has an interest in this case and any funds that may flow to the trustee on behalf of the Debtor from the estate of Ellen Ruth Silberman.  See, letter from attorney Donald F. Campbell, Jr., dated November 25, 2013, exhibit "B."

4.        Lexington was previously aware of the No Asset chapter 7 case filed by the Debtor, which case was closed in January 2012.  Lexington acquired two of the three judgments after the first closure of the Debtor's chapter 7 case.  Only the Bogatz judgment was acquired before the case was closed.  As this was a No Asset case, and the Bogatz judgment was subordinated to the Chase mortgages, Lexington did not appear or otherwise involve itself in the original bankruptcy case.  Consequently, it was never notified that the case had been reopened.

5.        Clearly, the Debtor knew about the Bogatz judgment and recognized that it was effectively a claim against him.  See, Schedule D, "Creditors Holding Secured Claims" filed April 8, 2011, Docket No. 1, a copy of page one of which is attached as Exhibit "C."

2

5356977v.1

6.      Lexington is the current owner and holder of the Bogatz judgment.  Currently, more than $200,000 is owed on the Bogatz judgment alone.  See, Exhibit A-1, Assignment of Bogatz Judgment to Lexington.

7.      The stated basis for the Debtor's motion to dismiss is that there are allegedly no outstanding claims against the Debtor.  Of the two claims filed, one was expunged and the second withdrawn.  Lexington's assumes that because Bogatz was paid by Lexington and had assigned his judgment in 2011, he took no interest in the Debtor's bankruptcy case.  If Bogatz was sent notice of the reopened case and the claims bar date, Lexington has no record of having received any notice from him of such.  Thus, Lexington never received notice of the claims bar date.

8.      Under general circumstances, missing a claims bar date might be fatal to a claim.  But here, Lexington received no notice.  Perhaps more relevant to this case is the simple fact that without any other creditors, there are funds available to pay even a late filed claim.  See 11 U.S.C. § 726 (a)(2)(C) or (3).

9.      Lexington's claims, set forth in the Proofs of Claims filed January 7, 2015, Exhibits A-1, A-2 and A-3, can and should be paid by this estate, now that assets have clearly been identified.

10.     As a result of the foregoing, the Debtor's basis for dismissing this case no longer applies and therefore the application should be denied.

WHEREFORE, Lexington Insurance Company respectfully requests that the Debtor's Motion to Dismiss his case pursuant to 11 U.S.C. §§305(a) and 707(a) should be denied,

3

5356977v.1

together with such other and further relief as the Court deems just and proper.

Dated:  January 8, 2015
         White Plains, New York


                          Wilson Elser Moskowitz Edelman & Dicker LLP
                          Attorneys for Creditor Lexington Insurance Company


                     By:  s/David L. Tillem
                          David L. Tillem

TO:

Law Office of Alan J. Sasson, P.C.
1669 East 12th Street
Brooklyn, New York  11229
Attn:  Alan J. Sasson, Esq.

Law Offices of Moshie Solomon
5 Penn Plaza, 23rd Floor
New York, New York 10001
Attn: Moshie Solomon, Esq.

Office of the U.S. Trustee
Eastern District of New York
271 Cadman Plaza East
Suite 4529
Brooklyn, New York 11201

Richard E. O'Connell, Trustee
Yost & O'Connell
24-44 Francis Lewis blvd
Whitestone, New York 11357

4

5356977v.1