UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                              Case No. 11-42921 (CEC)

David Herz,                                                     Chapter 7

       Debtor.
------------------------------------------------------------x

## ORDER DENYING APPLICATION FOR AN ORDER TO SHOW CAUSE

WHEREAS, on April 8, 2011, David Herz (the "Debtor") filed a petition for relief under chapter 7 of the Bankruptcy Code; and

WHEREAS, on July 20, 2011, the Debtor received a discharge, and on January 17, 2012, the case was closed; and

WHEREAS, on March 7, 2014, the Law Office of Alan J. Sasson filed a Notice of Appearance on behalf of the Estate of the Debtor; and

WHEREAS, on April 11, 2014, the Court reopened the case in order to administer property of the estate; and

WHEREAS, on December 9, 2014, the Estate of the Debtor filed a Motion to Dismiss the case pursuant to 11 U.S.C. §§ 305(a) and 707(a) (the "Motion to Dismiss"); and

WHEREAS, on January 7, 2015, Lexington Insurance Company filed Claims Number 3, 4, and 5 in this case; and

WHEREAS, on April 23, 2015, the Estate of the Debtor filed a motion to object to claims number 3, 4, and 5 filed by Lexington Insurance Company (the "Claims Objection"); and

WHEREAS, on March 24, 2015, Richard E. O'Connell, Chapter 7 Trustee (the "Trustee") filed a Motion to Direct Turnover of Estate Property pursuant to 11 U.S.C. §§ 541(a) and 542(a) (the "Turnover Motion"); and

WHEREAS, on April 23, 2015, the Court authorized the substitution of Rosenberg, Musso & Weiner, LLP for the Law Office of Alan J. Sasson as counsel to the Estate of the Debtor; and

WHEREAS, on May 28, 2015, the Court held a hearing on the Motion to Dismiss, the Claims Objection, and the Turnover Motion (the "Hearing"); and

WHEREAS, at the Hearing, the Court denied the Motion to Dismiss, granted the Turnover Motion, and set a further briefing schedule with respect to the Claims Objection and scheduled an adjourned hearing for July 16, 2015; and

WHEREAS, on May 29, 2015, Libi Herz, the daughter of the late David Herz and administratrix of the estate of David Herz ("Ms. Herz"), filed an application for an order to show cause seeking authorization to relieve Rosenberg, Musso & Weiner, LLP as counsel to the Debtor, and, in substance, to reargue the Hearing and (the "Application"); and

WHEREAS, on June 1, 2015, the Trustee filed a response to the Application; and

WHEREAS, Fed R. Civ. P. 59 permits a party to make a motion "to alter or amend a judgment," and the Second Circuit has held that "[t]he major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992) (internal quotations and citation omitted); and

WHEREAS, Ms. Herz has not stated grounds under Rule 59 to reconsider the Court's decisions to deny the Motion to Dismiss, grant the Turnover Motion, and set a further briefing schedule with respect to the Claims Objection; and

WHEREAS, in the Second Circuit, "an administratrix or executrix of an estate may not proceed *pro se* when the estate has beneficiaries or creditors other than the litigant." Pridgen v. Andresen, 113 F.3d 391, 393 (2d Cir. 1997); and

WHEREAS, the Estate of the Debtor cannot appear *pro se* in this bankruptcy case through Ms. Herz because Ms. Herz has not shown that she is the only beneficiary of the Estate of the Debtor; it is hereby

ORDERED, that to the extent that the Application seeks to reconsider Court's decisions to deny the Motion to Dismiss, grant the Turnover Motion, and set a further briefing schedule with respect to the Claims Objection, it is denied because Ms. Herz has not stated grounds for reconsideration or reargument of these decisions; and it is further

ORDERED, that to the extent that the Application seeks permission for the Estate of the Debtor to appear *pro se* in this bankruptcy case through Ms. Herz, it is denied; and it is further

ORDERED, that any application to substitute counsel for the Estate of the Debtor shall comply with EDNY Local Bankruptcy Rule 2090-1(d).



**Dated: Brooklyn, New York**
**June 24, 2015**

_____
**Carla E. Craig**
**United States Bankruptcy Judge**