**ESTHER HERZ**
1148 East 10th Street
Brooklyn, New York 11230

CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF
NEW YORK

2015 OCT -7  P 3: 56

RECEIVED

October 7, 2015

Clerk of the Court,
Bankruptcy Court, Eastern District
271 Cadman Plaza East
Brooklyn, NY 11201

RE: Chapter 7/Case No. 11-42921

Dear Sir or Madam:

Please be advised, this letter serves as an indication of my position in this above referenced bankruptcy action. I just received the transcripts yesterday and I feel like I have to write this in honor of my husband he is not a liar.

I am appearing in the within action as a beneficiary of the Estate of David Herz, Debtor. I seek to explain or further enlighten the Court on the chain of events leading up to and surpassing my husband's death. I will submit documents that show that the case has been resubmitted due to many egregious errors.

The reason David Herz did not disclose the information regarding the asset in question is because he had no knowledge of its existence. David Herz died January 4, 2013 without a Will. On January 23, 2013, my sister from Israel contacted me. She informed that someone had been trying to reach David and me from England with information regarding an estate. I then retained Sydney Mitchell, LLP (see enclosed retainer), because the attorney's in England refused to speak to me without legal representation. There would have been no reason to re-open the case in order to include the asset. I had no knowledge of it and Mr. Herz was also unaware of the asset in question. We had only found out that he had been mentioned as an heir in the Will in May, 2013.

We did not know anything about a Last Will and Testament and additionally we had known nothing of anything being left to him after probating of said Will. The asset in question which was being distributed from the Estate of Silverman had originated in England. How would we have known anything about said document? As of August 2013, the Will was in the process of being probated. I still had no knowledge of what was included in the Will.

When we did find out about the distributive award, the attorney was very forth coming with the information even asking about a possibility of distribution.

We were not trying to deceive anyone. We honestly had no knowledge about the Will. All information the lawyer's had in England was forwarded to our address in Israel.

I have provided all documentation proving that we didn't know anything. I have emails detailing the specific timeline of all conversations.

Thank you very much for your attention to this matter.

Esther Herz    *E. HERZ*

Law Offices of Moishe Solomon, P.C.
By: Moshie Solomon, Esq.
5 Penn Plaza, 23rd floor
New York, NY 10001

Frenkel, Lambert, Weiss, Weisman, LLP
By: Barry Weiss, Esq.
1 Whitehall Street, 20th floor
New York, NY 10004

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NEW YORK

IN RE:                              .          Case No. 11-42921 (CEC)
                                    .
                                    .
DAVID HERZ,                         .          271-C Cadman Plaza East
                                    .          Brooklyn, NY 11201
                                    .
          Debtor.                   .          July 16, 2015
. . . . . . . . . . . .             .          3:26 p.m.

## TRANSCRIPT OF MOTION TO OBJECT/RECLASSIFY/REDUCE/EXPUNGE CLAIMS
### BEFORE HONORABLE CARLA E. CRAIG
### UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For the Debtor:              Rosenberg, Musso & Weiner, LLP
                             By:  BRUCE WEINER, ESQ.
                             26 Court Street, Suite 2211
                             Brooklyn, NY 11242

For the Trustee:             Law Offices of Moshie Solomon, P.C.
                             By:  MOSHIE SOLOMON, ESQ.
                             5 Penn Plaza, 23rd Floor
                             New York, NY 10001

For the Creditor,            Frenkel, Lambert, Weiss, Weisman &
Lexington Ins. Co.:            Gordon LLP
                             By:  BARRY WEISS, ESQ.
                             1 Whitehall Street, 20th Floor
                             New York, NY  10004

For G.A.T. Abstract          G.A.T. Abstract Corp.
Corp.:                       By:  JULIA BAUMBLIT, ESQ.
                             2709 Coney Island Avenue, 3rd Floor
                             Brooklyn, NY 11235

Audio Operator:              Juliet R. Lecky


Proceedings recorded by electronic sound recording, transcript
produced by transcription service.

---

**J&J COURT TRANSCRIBERS, INC.**
268 Evergreen Avenue
Hamilton, New Jersey 08619
E-mail:  jjcourt@jjcourt.com

(609) 586-2311     Fax No. (609) 587-3599

1  30 days after notice of the termination or expiration of the

2  stay. And so if there was no stay as to the debtor at that

3  point then the reopening of the case it seems to me would not

4  have had the effect of extending the statute of limitations

5  under Section 108.    *2,2,*

6       So then we have the alternative argument that you

7  made which is that there should be equitable tolling here

8  because the asset in question was not disclosed in the

9  bankruptcy petition.    *DAVID DID NOT DISCLOSE He*

10       MR. WEISS: Yes.    *He DAYD ON 14 2013*
                            *and ESTHER KNOWN The asset on*

11       THE COURT: Now the concept of equitable tolling I    *1,24,2013*

12  think is that a person was in some way influenced not to pursue

13  a claim either by representations that they would be paid or by

14  some other type of misrepresentation. I'm not sure that

15  failure, that failure to disclose an asset certainly if it

16  wasn't known would create equitable tolling. But that would be

17  something that we would need more law on.

18       I think because you just -- the words equitable

19  tolling appear in your paper and there's no more, no other

20  discussion of it, of how that might fit into this case. So

21  that's my analysis, that's how I see it.

22       But even if you are equitably -- I guess you would

23  argue that it was equitable tolling as of when? By what act,

24  the filing of the petition that showed no assets?

25       MR. WEISS: Between the, yes, between the time of the

18

1  original petition until the time that it was -- that the case

2  was reopened due to the discovery of the assets.  Due to the

3  revelation of the assets.  The  ASSETS KNOWN TO ESTHER
                                                ON  r.24.2013
                                                FORM  ISRAE

4          THE COURT:  Okay.  So that, if that were the case

5  then I think you'd be within the statute of limitations.  Am I

6  -- have I got that -- I think I have that math right because

7  that's about a three-year period.

8          MR. WEINER:  Right...yes.  But I mean I don't --.  2.

9          THE COURT:  And you don't have to get involved in the

10 question of what was the effect of Mr. Herz' passing away on  2

11 that.

12         MR. WEINER:  Right.  Except that you know I don't

13 think that they can make that a case for equitable tolling.

14         THE COURT:  Well that would be -- I don't -- I

15 haven't -- nobody has made any -- has addressed that question

16 at all.

17         MR. WEINER:  Well it's really their argument to make,

18 at least initially, as to why there would be equitable tolling.

19 Nobody knew about this asset you know until --

20         THE COURT:  Well maybe that's a factual question too.

21         MR. WEINER:  -- until you know until around the time

22 the trustee moved to reopen.  The order reopening it was March

23 4.  The trustee filed this motion presumably a month or two

24 before that so that's when it became known to everyone that

25 this asset existed.  3.2013.??  (DAVID DAVID of
                                              r.4.2013
                                    and ESTHER NEW
        WWW.JJCOURT.COM            FORM ISRAEL AFIKEI?
                                    JEARS QUE HICAD ATTORNE
                                    LN DOFUK      ON
                                                  r.24
                                                  2013

Case 1-11-42921-cec    Doc 95    Filed 10/07/15    Entered 10/07/15 16:00:55    P.19/36
OCT-06-2015 11:01 From:JJ COURT TRANSCRIBER 6095873599    To:17183777514

19

1        THE COURT:  How did the asset come to the attention
2   of the trustee?

3        MR. SOLOMON:  Your Honor, I can answer that.  So I
4   think eventually the trustee through a letter that was sent by
5   counsel here in the United States for the solicitor for the
6   attorney, the trustee I should say, out in England and the
7   attorney here in New Jersey when he discovered that there was
8   going to be a distribution made from the Silverman estate out
9   of England contact -- saw that there was a bankruptcy that had
10  been filed.  In an abundance of caution contacted Mr. O'Connell
11  to let him know that there was a potential asset and wanted to
12  know where he should send the money, and that was how the asset
13  came to the attention of the trustee.

14       MR. WEINER:  So this happened some time in, probably
No  15  in 2013 because Mr. Herz died in January and nobody became --
16  until this attorney in New Jersey you know contacted people
17  about a possibility of a distribution from something in England
18  nobody you know nobody knew about this money until some time --

19       MS. E. HERZ:  After he died.

20       MR. WEINER:  -- some time in 2013.    (RoNG)

21       THE COURT:  Okay.  So but I don't know whether the
22  equitable tolling requires an intent to deceive on the part of
23  the other party or not.  I would have to, somebody would have
24  to look at the law on that.

25       MR. WEINER:  I understand.  I don't, off the top of

20

1   my head I don't know either and since they didn't really fully

2   articulate this issue there was nothing really to respond to

3   before.

4           THE COURT:  And it would be, and I guess it would be,

5   still be a factual question about whether Mr. Herz or Mrs. Herz

6   or Ms. Herz knew anything about this claim.

7           MS. E. HERZ:  No, I hired the lawyer after he died.

8   I didn't know.

9           THE COURT:  I guess I would have to find -- I guess I

10  would have to make a factual determination about that.

11          MS. E. HERZ:  I have the document.

12          MR. WEINER:  Well they maintain that they had no clue

13  as to the existence of this potential asset until it all -- it

14  came to everybody's attention after --

15          MS. E. HERZ:  After he died.

16          THE COURT:  Right.

17          MR. WEINER:  -- after Mr. Herz died.

18          THE COURT:  But I guess I would have to find out

19  whether -- it would have to be determined whether that's in

20  fact true.

21          MR. WEINER:  I understand that the Court would have

22  to make that factual.  I'm just telling you what my client --

23          THE COURT:  I understand.

24          MR. WEINER:  -- says.

25          THE COURT:  I understand.

1    MS. HERZ: I also have all documentation of e-mail

2 proof showing from England of all the dates.

3    THE COURT: Okay.

4    MR. WEINER: All right, well --

5    THE COURT: So do we need more briefing on this point

6 then?

7    MR. WEISS: Yes, Your Honor, I think we need more

8 briefing on the point. And also I'd like to just I don't know

9 if Your Honor came to a final determination on the issue of

10 whether the reopening of the case --

11    THE COURT: You can figure --

12    MR. WEISS: But we could --

13    THE COURT: If you have something you want to call to

14 my attention.

15    MR. WEISS: If we could brief on that as well.

16    THE COURT: I'm not I mean I'm just reading the

17 statute but if there's something that I'm overlooking you can

18 --

19    MR. WEISS: We could look.

20    THE COURT: -- you can address it.

21    MR. WEISS: If there's something that we need to

22 present I just would ask that you know we'll see that.

23    THE COURT: Yes.

24    MR. WEISS: Whether there is and then we could

25 present Your Honor with that.

1     THE COURT: If you think there's some argument that I

2 have overlooked why the reopening the case would have invoked

3 the stay I don't, -- or given -- extending your time to file a

4 claim under Section 108, which is what you have to look to I

5 think, right?

6     MR. WEISS: It appears so, yeah.

7     THE COURT: Yes. So I'll take more briefing on this

8 if you want to go through this exercise.

9     MR. WEISS: Yes. And in addition to the equitable

10 tolling issue, yes.

11     THE COURT: Yes. Okay.

12     MR. WEINER: So I mean we'd like the opportunity to

13 respond.

14     THE COURT: Of course. So I'll set a date. How much

15 time do you want to submit your brief on these topics?

16     MR. WEISS: Four weeks?

17     THE COURT: Okay. So August 17th?

18     MR. WEISS: I'm sorry, I don't know -- I'm not sure

19 if -- can we have one more week? I'm not sure if somebody's

20 going to be --

21     THE COURT: August 24th.

22     MR. WEINER: Four weeks from today is August 13.

23     THE COURT: Sorry?

24     MR. WEINER: Four weeks from today is August 13.

25     MR. WEISS: August 20th?

1    THE COURT:  Right.

2    MR. WEINER:  -- he died intestate --

3    THE COURT:  Right.

4    MR. WEINER:  -- I think under the intestacy laws of

5  the State of New York a surviving spouse gets a certain --

6    THE COURT:  She gets the first $50,000 plus 50

7  percent of the remainder.

8    MR. WEINER:  That's my --

9    THE COURT:  Okay.

10    MR. WEINER:  While I'm hardly an expert on this

11  that's my understanding.

12    THE COURT:  Okay.  There could also be a claim

13  against, I suppose you could also bring the same kind of claim

14  you're trying to bring against David Herz against Libi Herz.

15    MR. WEINER:  Although I think they have a real

16  statute of limitations problem.

17    THE COURT:  And there you may or may not have a

18  statute of limitations problem.

19    MR. WEINER:  But there were judgments against Esther

20  Herz and to the extent that those judgments are still

21  enforceable then.

22    THE COURT:  You would be -- you could restrain any

23  distribution to Mrs. Herz in the probate proceedings and I

24  don't think there's any stay that prevents you from doing that,

25  that's imposed by this Court.  If there were I would lift the

28

1  mediating this?  And this is not a situation where I am going

2  to ask a judge to mediate this I don't think.  If you folks are

3  interested in mediating it and are prepared, would be prepared

4  to make a good faith effort to resolve it and to pay a mediator

5  then you can go ahead and do that.  But I'm not going to -- I'm

6  going to let -- keep you on the same litigation schedule.

7          MR. WEINER:  Mrs. Herz says that she would be

8  amenable to that.

9          MS. E. HERZ:  Yeah, because I can prove they lied.

10         THE COURT:  Okay.

11         MS. E. HERZ:  I have proof.

12         THE COURT:  This is not the right attitude to go into

13 mediation with.

14         MR. WEINER:  No, no, no.  Mediation is an attempt to

15 come to a settlement which means that you're not happy, they're

16 not happy, but you meet somewhere in the middle.

17         MS. E. HERZ:  To pay them?  No.  I want to go by the

18 judge because I know they already took --

19         THE COURT:  Okay.

20         MR. WEINER:  Okay.

21         THE COURT:  Then I guess we won't go, we won't be

22 going there.

23         MS. E. HERZ:  They already, Your Honor --

24         THE COURT:  Okay.

25         MS. E. HERZ:  -- they already took the 189.

30

1          THE COURT:  -- then I'm not interested in getting --

2          MR. WEINER:  No we don't.

3          MS. E. HERZ:  The issue --

4          THE COURT:  -- getting the parties involved with

5  this.

6          MS. E. HERZ:  Because I catched them in a fraud, Your

7  Honor, 189 Mr. WEINER:  That's only one of this

8          THE COURT:  I do not want to hear about this.  As far

9  as I'm concerned --

10          MS. E. HERZ:  So in court we can prove it.

11          THE COURT:  -- as far as I'm concerned there's a

12  judgment.

13          MS. E. HERZ:  There is not.  There is not.  They took

14  it off.  Check it out.

15          MS. L. HERZ:  They took it out of the document.

16          MS. E. HERZ:  Because what we did --

17          MR. WEINER:  That's only one --

18          MS. L. HERZ:  That's why we --

19          MR. WEINER:  That's only one of the three --

20          MS. L. HERZ:  That's why we subpoenaed G.A.T.

21  Abstract.

22          MR. WEINER:  But that's only one of the -- that's

23  only one of the three.

24          MS. E. HERZ:  We just --

25          MR. WEINER:  Okay.  It's only one of the three --

1            MS. E. HERZ:  No, but the judge had took it off.

2            MR. WEINER:  -- only one of the three judgments.  You

3    still have two other judgments.

4            MS. E. HERZ:  The other two judgments is held over

5    and it's in the civil and I have to pay no money.

6            MS. L. HERZ:  There's no money judgments.

7            MS. E. HERZ:  There's no money judgment.  They took

8    off the 189 that Mr. O'Connell but their hand on it, it came

9    out, they voided it.

10           MR. WEINER:  Esther, Esther, if you can get that

11   judgment done, vacated in civil, in a state court --

12           MS. E. HERZ:  Well I will vacate it.

13           MR. WEINER:  -- that's a different issue.  That's a

14   completely different issue, okay?

15           MS. E. HERZ:  But why the judge don't believe me that

16   the 189 that you worked so hard that I paid so much money --

17           MR. WEINER:  Because it's not --

18           MS. E. HERZ:  -- they took it off.

19           MR. WEINER:  Because it's not relevant to today's

20   hearing.

21           MS. E. HERZ:  What happened with the second one that

22   they did, the agreement?

23           MR. WEINER:  It's not relevant to today's hearing.

24           MS. E. HERZ:  Assignment that was thrown.

25           MR. WEINER:  Okay, you have to, you have to be quiet.

13. Pursuant to Bankruptcy Code § 554(c), "any property scheduled under section [521(a)(1)] of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title." Bankruptcy Code § 554(c). However, under Bankruptcy Code § 554(d), any property that is *not* listed by the Debtor in his schedules of assets and liabilities and that has not been administered by the trustee of the estate is *not* deemed abandoned under this section upon the closing of the case, and "remains property of the estate." Bankruptcy Code § 554(d). *See also In re Harlambous*, 257 B.R. 697 (Bankr. D. Conn. 2001) (holding that a debtor's interest in property which was not scheduled by the debtor prior to the closing of her case was not abandoned and remains property of the estate).

14. Item 20 of Schedule "B", required the Debtor to list "[c]ontingent and noncontingent interests in estate of a decedent . . . ." Although the Debtor at the time had an interest in the estate of Ms. Silberman, who had passed away nine years prior, the Debtor checked off "none" in response to Item 20. Because the Debtor failed to properly disclose the Inheritance Interest, the Trustee filed his "no asset" report and the bankruptcy case was closed on January 17, 2012.

15. On Schedules "D" and "F", the Debtor listed approximately $340,000 in general unsecured debt as of the Petition Date. Since this case was a "no asset" case, the Clerk of the Court did not set a claims bar date, and creditors were not given an opportunity to file with the Court proofs of claims against the Estate. Despite this, one claimant (the New York City Water Board) did file with the Court a proof of claim against the Estate in the amount of $2,778.61. Reopening this bankruptcy case and appointing a chapter 7 trustee will afford a

4

Client funds are presently held at both UK and Irish banks. The allocation of monies between these banks varies and in the event of a failure of one of the banks any monies held by us for you would need to be split pro rata to total funds held in determining the apportionment between them. This firm does not express any opinion as to the quality of the guarantee under the scheme mentioned in this letter.

The firm presently holds funds at the banks listed below, this list may be varied from time to time. All of the banks listed are members of the FSCS scheme. Some banks operate under more than one trading name and if you presently hold monies at banks that form part of the same group as those listed you may be subject to the limits referred to above once the government guarantee has expired. You are advised to discuss this either with your bank, the Financial Services Authority of your financial advisor, as you deem appropriate.

Yours sincerely

Jasjeet Kaur Virk
SYDNEY MITCHELL LLP
Email: j.virk@sydneymitchell.co.uk

Ref: 814567/Herz

Banks where funds are held:
Allied Irish Bank – AIB Group (UK) plc
National Westminster Bank plc
Santander

I have read and accept the contents of this letter and confirm that it forms part of the retainer between myself and Sydney Mitchell LLP I have signed below to indicate that acceptance and to acknowledge specifically the potential limitation of liability referred to. In the event of the failure of one of the two banks mentioned I give my consent to the disclosure that I am a client of Sydney Mitchell LLP and of the amount of monies held by you for which compensation should be sought.

Signed        :    *E. HERZ*

Full Name    :    *ESTHER HERZ*

Date          :    *1, 24, 2013*

This is perfectly normal legal procedure and when we are dealing with an estate we have to obtain a Grant of Probate before we can obtain access to the funds.

I have diarised the matter forward by four weeks, if I have not heard from them further by then I will again chase them. If I do hear from them before then I will of course let you know.

Yours sincerely

Jasjeet Kaur Virk
SYDNEY MITCHELL LLP
Email: j.virk@sydneymitchell.co.uk

**Date** : 30th April 2013

**SOLICITORS & ESTATE AGENTS**

**Shakespeare Building
2233 Coventry Road
Sheldon
Birmingham  B26 3NL**

Tel: 0121 700 1400     Fax: 0121 700 1480
DX 21801 SHELDON
Email: enquiries@sydneymitchell.co.uk
Find us on the Web at: www.sydneymitchell.co.uk

Mrs E Herz
1148 East 10 Street
Brooklyn
New York
11230

**AIRMAIL**

Dear Mrs Herz

**Re  :   The Estate of Ellen Ruth Silverman**

I write further to our telephone conversation on the 29th April 2013 when I advised that I had not had any update from Hugh Anton-Stephens, the Solicitors dealing with the estate of Ellen Ruth Silverman.  On that same date I received a letter, which I enclose a copy of herewith.  For the sake of completeness I enclose a copy of the last letter from them dated the 11th February, which you have advised that you did not receive when we wrote to you on the 15th February.

As you will see from this most recent letter the Solicitors instructed to deal with the estate cahnot yet access the funds that are held by the Treasury Solicitor.

As I explained to you when we had found out the Treasury Solicitor was involved, the Treasury Solicitor is a Government Solicitor that holds onto funds until the beneficiaries are traced.  The Treasury Solicitor is in receipt of the money, but in order to access it Hugh Anton-Stephens who are dealing with the estate need to get Probate in this matter.  Grant of Probate is a legal document which says that they can then access the funds and distribute them in accordance with the Will.  Unfortunately, it looks as though they have been having some problems obtaining Probate especially given the time since a) the Will was made, b) the death of Mrs Silverman.  This does not mean that they cannot obtain it, it's just that they have to get backdated documents first.

They have advised that as soon as they are in receipt of the Grant of Probate they will then apply to the Treasury Solicitor to collect the funds and then prepare accounts.

Sydney Mitchell LLP is a Limited Liability Partnership registered in England No. OC342756 and authorised and regulated by the Solicitors Regulation Authority Registered SRA No: 513895

Registered Office: Chattock House, 346 Stratford Road, Shirley, Solihull, West Midlands, B90 3DN.  A list of members' names is available for inspection at the registered office together with a list of those non-members who are designated as partners.  We use the word partner to refer to a member of the LLP, or an employee with equivalent standing and qualifications.

This Firm does not accept service by facsimile or e mail.

   

**From:**

**Sent:** ruth.thorp@googlemail.com on behalf of Ruth - Notary Mid Wales
<ruth@notarymidwales.co.uk>
**To:** 20 May 2013 12:51
Jasjeet Kaur Virk
**Subject:** Estate of Ellen Ruth Silbermann - update - your ref: JKV/SJG/814567/Herz

Dear Sirs

Further to our letter of 26th April 2013, I can confirm that we have today at last received the Grant of
Letters of Administration for the estate of Ellen Ruth Silbermann otherwise Silverman, and hope that the
administration will now proceed without further delay.  We will be in touch once we are approaching the
distribution stage.

Yours faithfully

Ruth Hendry Grd Ex
Graduate of the Chartered
Institute of Legal Executives

for Hugh Anton-Stephens
Notary Public

White House
Arthur Street
Montgomery
Powys
SY15 6RA

Tel: 01686 624604
Email:ruth@notarymidwales.co.uk
Web: www.notarymidwales.co.uk



**WINNER**
CHARTERED INSTITUTE
OF LEGAL EXECUTIVES

STUDENT OF THE YEAR 2012

1

**SOLICITORS &**
**ESTATE AGENTS**

**Date    :** 24th May 2013

**Shakespeare Building**
**2233 Coventry Road**
**Sheldon**
**Birmingham  B26 3NL**

CELEBRATING
**250**
YEARS
1763 – 2013

Mrs E Herz
1148 East 10 Street
Brooklyn
New York
11230

Tel: **0121 700 1400**    Fax: 0121 700 1480
**DX 21801 SHELDON**
Email: enquiries@sydneymitchell.co.uk
Find us on the Web at: www.sydneymitchell.co.uk

Dear Mrs Herz

**Re  :  Ellen Ruth Silverman Estate**

I have received an email from the Solicitors dealing with the estate of Ellen Ruth
Silverman/Silbermann.  They have advised that they have now received the Grant and will
now start gaining access to the assets in the estate.  Once they have received all of the same
they will be in touch again.

I will of course write to you when there are any further developments.

Yours sincerely

Jasjeet Kaur Virk
SYDNEY MITCHELL LLP
Email: j.virk@sydneymitchell.co.uk

Sydney Mitchell LLP is a Limited Liability Partnership registered in England No. OC342756 and authorised and regulated by the Solicitors Regulation
Authority. Registered SRA No: 513895

Registered Office: Chattock House, 346 Stratford Road, Shirley, Solihull, West Midlands, B90 3DN.  A list of members' names is available for inspection
at the registered office together with a list of those non-members who are designated as partners.  We use the word partner to refer to a member of the
LLP, or an employee with equivalent standing or qualifications.

This Firm does not accept service by facsimile or e-mail


awards2013
**Winner**
Law Firm of the Year




**Lexcel**
Practice Management Standard
Law Society Accredited


**Conveyancing**
**Quality**



**Global Recovery Services**
P.O. Box 25988
Shawnee Mission, KS 66225
(800) 445-7488

May 7, 2014

ESTER HERZ
1148 E. 10th Street,
Brooklyn , NY  11230

RE:        Our Insured        : GAT ABSTRACT CORP.
           Our File No.       : 683 - 402622 - CNT - 1
           Responsible Party : HERZ ESTER
           Date of Loss       : May 4, 2011
           Damages            : $497,296.65

Dear MS. HERZ:

We are the recovery agents for LEXINGTON INSURANCE COMPANY who have made payment to their policyholder for damages arising out of the referenced loss. Based on the investigation, the responsible party listed above is at fault and our client is entitled to recovery of the damages.

If you have insurance, for your protection, this letter should be forwarded to your carrier immediately. If you believe you do not owe this money, please explain fully in writing within thirty (30) days.

Please note our file number on your remittance and send your check made payable to:

              **Global Recovery Services**
              **P.O. Box 105795**
              **Atlanta, GA 30348-5795**

If you have any questions, please feel free to contact me using the toll free number listed on the letterhead.

Sincerely,

JAMES KRASNOZON
RECOVERY REPRESENTATIVE SR
847-585-5836

## SUBROGATION QUESTIONNAIRE

INSURED NAME : GAT ABSTRACT CORP.

CLAIM NUMBER : 683 - 402622 - CNT -< 1

DATE OF LOSS  : May 4, 2011

DAMAGES       : $497,296.65

1. NAME        _ESTHER_                    _HERZ_
       (FIRST)              (M/I)                  (LAST)

2. DATE OF BIRTH    _11· 17 - 1941_
                    (MONTH/DAY/YEAR)

3. DRIVER's LICENSE
       (NUMBER)              (STATE OF ISSUE)

4. SOCIAL SECURITY NUMBER    _8733_

5. TELEPHONE NUMBER (_7/8_ )  _3777514_

6. IF YOU ARE INSURED, COMPLETE (A) THROUGH (C):

   (A) . NAME AND ADDRESS OF YOUR INSURANCE CARRIER   _G.AT ABSTRACT CORP_

   _By_ _MR. TiGrAN SaHaKYAN 2747 CoNey IsLaND AVE BrooKLyN N·Y 11235_
   (B) YOUR POLICY NUMBER _ATi SUPreme COURT OF N·y INdex No 11954/2011_

   (C) NAME, ADDRESS AND TELPHONE NUMBER OF YOUR INSURANCE AGENT (IF APPLICABLE)

   _TiGrAN SaHaKYAN    718 8918485 = 19179459548_
   _(see RELESE OF JUDGMEN LiNe  7.28.2011)_

   _G.AT ABSTRACT+ WasHiNgTON TiTLE INSURaNce CO. Pay $189.141.37 T.JOSEPH_
                                                                  _BOGATZ_
   AGENT'S TELEPHONE NUMBER (_7/8_)  _891 8485_

7. IF YOU ARE UNINSURED AND YOU ARE IN AGREEMENT WITH THE LIABILITY ASSESSMENT, PLEASE ACKNOWLEDGE BY CHECKING THE (D).  UPON RECEIPT OF THIS FORM WE WILL BE IN CONTACT WITH YOU TO DISCUSS PAYMENT. THANK YOU.

   _____ (D) I ACCEPT RESPONSIBILITY FOR THESE DAMAGES.

   _E. HERZ_                _5.20. 2014_
   (SIGNATURE)              (DATE)



# IN THE UNITED STATES BANKRUPTCY COURT

Eastern District of New York

In RE:  In Proceedings Under
11-42921

## Debtor(s)

David Herz

## WITHDRAWAL OF CLAIM

Please withdraw claim(s) #2 in the amount of $3463.31 as this claim(s) was filed in error.

/s/ Susan I Gaines
Claim Processor

## Creditor Name & Address

PYOD LLC
c/o Resurgent Capital Services
PO Box 19008
Greenville, SC  29602

Dated:  September 16, 2014



**Our Ref** : JKV/SJG/814567/Herz

**Date** : 23rd January 2013

Mrs E Herz
1148 East 10 Street
Brooklyn
New York
11230

OH-
44

**Shakespeare Building**
**2233 Coventry Road**
**Sheldon**
**Birmingham  B26 3NL**

Tel: 0121 700 1400    Fax: 0121 700 1480
DX 21801 SHELDON
Email: enquiries@sydneymitchell.co.uk
Find us on the Web at: www.sydneymitchell.co.uk

Dear Mrs Herz

**Re :  The Estate of Ellen Ruth Silverman**

As you are aware we have managed to obtain the death certificate of Ellen Ruth Silverman, a copy of which is enclosed herewith.  Also enclosed is a copy of her Grant of Probate which shows that the Government Solicitors took out the Grant of Probate in the estate.  Also we enclose Ellen Ruth Silvermans Will dated the 21st December 1963 and her subsequent codicil to the Will dated the 26th March 1964 and her second codicil dated the 1st February 1965.

You will see from the Will in sections 7b that two thirds of Mrs Silvermans estate pass between such of them Lucy Herz, David Herz and Ernest Silberman that were living at the date of Ellen's death. Ellen died in 2002, you have already informed me that Lucy Herz had died before this in 1985 therefore we already know that the two thirds is to be divided between David and Ernest, as long as Ernest was still alive on the 2nd November 2002.  If Ernest had died before the 2nd November 2002 then the entire two third share passes to David alone.

The Solicitors that originally dealt with matters namely Faber & Co were unable to trace family members and then pass the matter on to the Treasury Solicitors Office who are essentially the Government Solicitors.  I have therefore written to the Treasury Solicitor and asked for details of what was in the estate and also asked what evidence they will need of David's identity.  They will definitely need Lucy Herz's death certificate and if this is something that you can obtain that would be very helpful.

I will of course contact you once I have heard back from the Treasury Solicitor.

Sydney Mitchell LLP is a Limited Liability Partnership registered in England No. OC342756 and authorised and regulated by the Solicitors Regulation Authority Registered SRA No: 513895

Registered Office: Chattock House, 346 Stratford Road, Shirley, Solihull, West Midlands, B90 3DN.  A list of members' names is available for inspection at the registered office together with a list of those non-members who are designated as partners.  We use the word partner to refer to a member of the LLP, or an employee with equivalent standing or qualifications.

This Firm does not accept service by facsimile or e-mail







