UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------

In Re:

**Chapter 7**

**DAVID HERZ**

**Case No. 11-42921-CEC**

Debtor.

------------------------------------------------------------

## NOTICE OF MOTION FOR AN ORDER REDUCING, RECLASSIFYING AND/OR EXPUNGING CLAIM NO.'S 6 & 7

## NOTICE OF MOTION TO RECONSIDER & REARGUE THE JUNE 9, 2015 ORDER DIRECTING TURNOVER OF ESTATE PROPERTY

**PLEASE TAKE NOTICE** that upon the annexed affirmation, dated June 1, 2017, of

MICHAEL L. WALKER, ESQ., attorney for DAVID HERZ by his administratrix

LIBI HERZ (the "Debtor") in the above captioned Chapter 7 proceeding, the

Affidavit of LIBI HERZ sworn to on June 12, 2017, and the Affidavit of ESTHER

HERZ sworn to on June 12, 2017, the undersigned will move before the Honorable

Carla E. Craig, United States Bankruptcy Judge, Eastern District of New York, at

the Court house located t 271 Cadman Plaza East, Brooklyn, New York, on the 18 Th

day of July 2017, at 11:00 a/b or as soon thereafter as counsel may be heard, for the

entry of an Order pursuant to Section 502 of title 11 of the United States (the

"Bankruptcy Cod" and Rule 3007 of the Federal Rules of Bankruptcy Procedure,

reducing, reclassifying and/or expunging Claim No.'s 6 & 7 and for the entry of an

Order to alter or amend a judgment dated June 9, 2015 pursuant to Federal Rule of

Civil Procedure 59(e), 54(a) and Bankruptcy Rule 9023 & 7054(a) in accordance

with relief requested in the Debtor's Application.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the relief sought in the Application must conform to the Federal rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, as modified by any administrative orders entered in this case, and be filed with the Bankruptcy Court electronically in accordance with Local Rules, by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest, on a scanned image of the filing, with a hard copy delivered directly to Chambers, and be served in accordance with Local Rules and upon the Law Offices of Michael L. Walker, Esq., 9052 Fort Hamilton Parkway, Second Floor Suite, Brooklyn, New York, 11209 and the Office of the United States Trustee, 271 Cadman Plaza East, Brooklyn, New York received by no later than 4 p.m. June ____, 2017.

PLEASE TAKE FURTHER NOTICE that only those objections that have been timely filed may be considered by the Court.

Dated:      Brooklyn, New York
            June 6, 2017

                              Respectfully Submitted,


                              Michael L. Walker, Esq.
                              *Attorney for Debtor*
                              9052 Fort Hamilton Pkwy
                              Second Floor Suite
                              Brooklyn, NY 11209
                              Phone: (718) 680-9700

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------

In Re:                                           **AFFIRMATION IN SUPPORT**

                                                 **Chapter 7**

**DAVID HERZ**
                                                 **Case No. 11-42921-CEC**
                        Debtor.
------------------------------------------------------------

MICHAEL L. WALKER, ESQ., an attorney duly licensed to practice law in the State of New York and admitted to practice in the Eastern District of New York, under the penalties of perjury, deposes and says:

1.      I am the attorney for DAVID HERZ, by his administratrix, LIBI HERZ, the debtor herein, and as such I am familiar with the facts and circumstances of the instant bankruptcy proceeding. I make this affirmation in support of the instant motion that seeks to object to claim Claim #6 filed by CHASE BANK USA, N.A. and Claim #7 filed by CHASE BANK USA, N.A., (Copies of these claims are attached hereto and marked as **Exhibit A** and **Exhibit D**).

## STANDARD FOR ALLOWING PROOFS OF CLAIMS

2.      Bankruptcy Rule 3001(f) provides that a proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim. However, in order to receive the benefit of the proof of claim's prima facie validity, the proof of claim must set forth the facts necessary to support the claim. *In re Marino*, 90 B.R. 25

(Bank. D. Conn. 1988); *In re Chain*, 255 B.R. 279 (Bank. D. Conn. 2000).
Additionally, Bankruptcy Rule 3001(c) provides that when a claim is based
upon a writing, the original or a duplicate of that writing **shall** be filed with
the proof of claim. (emphasis added). The court in *In re Henry*, 311 B.R. 813
(Bankr. W.D. Wash, 2004), ruled that a creditor, at minimum, should file
with its proof of claim a sufficient number of monthly account statements to
show how the total amount asserted has been calculated, and a copy of the
agreement authorizing the charges and fees included in the claim. In the
absence of that minimum evidentiary presentation, the creditor's claim
should be disallowed.

### CLAIM #6 CHASE BANK USA, N.A.

3.      The proof of claim filed by CHASE BANK USA, N.A.
(hereinafter "CHASE 6"), in the amount of $5,759.96, has clearly failed to
meet the documentation requirements in order to have its claim allowed.
Please find a copy of the proof of claim attached hereto an incorporated
herein as **Exhibit A**. Specifically, it fails to include a copy of the credit card
agreement or a record of any transaction that is related to the claim. Finally,
it attaches a brief Account Summary which merely includes a brief summary
of the amount due with the debtor's name and address but fails to include
any account statements to show how this amount has been calculated, and
fails to include a copy of the agreement authorizing the charges and fees
included in the claim.

4.     Furthermore, pursuant to the attached affidavits of the debtor's administratrix and spouse, LIBI HERZ and ESTHER HERZ, their previous counsel, Mr. Robert J. Musso, Esq., had communications with Chase in which its purported that due to the death of the debtor, Chase no longer has a claim on its credit cards, which was the basis for the proof of claim. A photocopy of Mr. Musso's letter to Chase is attached hereto and incorporated herein as **Exhibit B**. Furthermore, Chase sent correspondence to the ESTHER HERZ confirming she has been removed from the credit account. Please see attached correspondence from Chase to ESTHER HERZ attached hereto and incorporated herein as **Exhibit C**.

5.     As such, Chase 6 claim is not only not entitled to *prima facie* validity under Bankruptcy Rule 3001(f) but as its claim fails to include the minimum evidentiary documentation to have its claim declared valid. As such, its claim should be disallowed in its entirety.

### CLAIM #7 CHASE BANK USA, N.A.

6.     The proof of claim filed by CHASE BANK USA, N.A. (hereinafter "CHASE 7"), in the amount of $1,872.54, has clearly failed to meet the documentation requirements in order to have its claim allowed. Please find a copy of the proof of claim attached hereto an incorporated herein as **Exhibit D**. Specifically, it fails to include a copy of the credit card agreement or a record of any transaction that is related to the claim. Finally, it attaches a brief Account Summary which merely includes a brief summary

of the amount due with the debtor's name and address but fails to include any account statements to show how this amount has been calculated, and fails to include a copy of the agreement authorizing the charges and fees included in the claim.

7.    Furthermore, pursuant to the attached affidavits of the debtor's administratrix and spouse, LIBI HERZ and ESTHER HERZ, their previous counsel, Mr. Robert J. Musso, Esq., had communications with Chase in which its purported that due to the death of the debtor, Chase no longer has a claim on its credit cards, which was the basis for the proof of claim. A photocopy of Mr. Musso's letter to Chase is attached hereto and incorporated herein as **Exhibit B**. Furthermore, Chase sent correspondence to the ESTHER HERZ confirming she has been removed from the credit account. Please see attached correspondence from Chase to ESTHER HERZ attached hereto and incorporated herein as **Exhibit E**.

8.    As such, Chase 6 claim is not only not entitled to *prima facie* validity under Bankruptcy Rule 3001(f) but as its claim fails to include the minimum evidentiary documentation to have its claim declared valid. As such, its claim should be disallowed in its entirety.

9.    In conclusion, the debtors maintain that they have produced sufficient evidence to rebut the validity of the claims filed by Chase 6 and Chase 7.

## MOTION TO RECONSIDER THE JUNE 9, 2015 ORDER DIRECTING TURNOVER OF ESTATE PROPERTY

10.    Rule 59, made applicable to this proceeding pursuant to

Bankruptcy Rule 9023, permits a party to make a motion "to alter or amend a

judgment." Fed. R. Civ. P. 59(e). Pursuant to Rule 54(a), made applicable to

this matter by Bankruptcy Rule 7054(a), the Order is a "judgment" that may

be reconsidered under Rule 59 because it is an "order from which an appeal

lies." Fed. R. Civ. P. 54(a); Fed. R. Bankr. P. 7054.

11.    Rule 59(e) does not provide specific grounds for amending or

reconsidering a judgment. See Fed. R. Civ. P. 59(e). The Second Circuit has

held that "[t]he major grounds justifying reconsideration are an intervening

change of controlling law, the availability of new evidence, or the need to

correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd.

v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (internal

quotations and citation omitted); Doe v. New York City Dep't of Social Servs.,

709 F.2d 782, 789 (2d Cir. 1983). Under the "clear error" standard, relief is

"appropriate only when a court overlooks 'controlling decisions or factual

matters that were put before it on the underlying motion' and which, if

examined, might reasonably have led to a different result." Corrines v. Am.

Physicians Ins. Trust, 769 F. Supp. 2d 584, 593-94 (S.D.N.Y. 2011) (quoting

Eisemann v. Greene, 204 F.3d 393, 395 n.2 (2d Cir. 2000)). "[R]econsideration

will generally be denied unless the moving party can point to controlling

decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). It is well settled that "[a] motion for reconsideration is neither an occasion for repeating old arguments previously rejected nor an occasion for making new arguments that could have been previously advanced." Associated Press v. U.S. Dep't of Def., 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005).

12.     "A motion for reconsideration is 'an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" Corrines, 769 F. Supp. 2d at 593-94 (quoting In re Initial Public Offering Sec. Litig., 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005), aff'd sub nom. Tenney v. Credit Suisse First Boston Corp., Nos. 05 Civ. 3430, 05 Civ. 4759, & 05 Civ. 4760, 2006 WL 1423785, at *1 (2d Cir. 2006)). See also Schonberger v. Serchuk, 742 F. Supp. 108, 119 (S.D.N.Y. 1990) (motions made pursuant to Rule 59(e) must adhere to stringent standards to prevent "wasteful repetition of arguments already briefed, considered and decided"). The determination of whether a motion for reconsideration should be granted is within the sound discretion of the court. See Spa 77 G L.P. v. Motiva Enters. LLC, 772 F. Supp. 2d 418, 437 (E.D.N.Y. 2011).

13.     The June 9, 2015 Order from this honorable Court directs that Peter Robert Alfred Birchwood as Trustee for the Estate of Ellen Ruth

Silberman (the "Silberman Estate") turn over to the trustee certain property allegedly belonging to the estate. Please see a copy of the order attached hereto and incorporated herein as **Exhibit F**. The debtor by his administratrix claims that this property is exempt, abandoned, outside the applicable statute of limitations and not an asset of the estate.

**WHEREFORE**, your affirmant respectfully requests an order expunging Claim #6 filed by Chase Bank USA, N.A. and Claim #7 filed by Chase Bank USA, N.A. and an Order altering and amending the June 9, 2015 Order of this Court and staying the transfer of the subject assets until this motion is resolved, together with any other and further relief that this court deems just and proper.

Dated:      Brooklyn, New York
            June 1, 2017

                                        Respectfully Submitted,


                                        Michael L. Walker, Esq.
                                        Attorney for Debtor
                                        9052 Fort Hamilton Pkwy
                                        Second Floor Suite
                                        Brooklyn, NY 11209
                                        Phone: (718) 680-9700

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
..................................................................

In Re:                                        AFFIDAVIT IN SUPPORT

                                              Chapter 7

        DAVID HERZ

                                              Case No. 11-42921-CEC

                        Debtor.
-----------------------------------------------------

STATE OF NEW YORK  }
                   } ss.:
COUNTY OF KINGS    }

        LIBI HERZ, being duly sworn and under the penalties of perjury
deposes and says:

        1.      I am the administratrix of the debtor's estate in the above entitled
bankruptcy proceeding and as such I am familiar with the facts and circumstances of this
action. I make this affidavit in support of the instant motion objecting to the proofs of
claim filed by Chase Bank USA, N.A. and asking to reconsider the June 9, 2015 Order.

        2.      I have reviewed the proofs of claim submitted by this Creditor. I object to
the debt. Furthermore, pursuant to my previous attorney's communications with Chase it
is purported that Chase no longer has a claim on its credit cards which is the basis for its
proof of claim.

        3.      I object to the inheritance funds held by Peter Robert Alfred Birchwood as
Trustee for the Estate of Ellen Ruth Silberman being transferred to the Chapter 7 trustee,
Richard E. O'Connell. I believe these funds to be exempt, abandoned and/or outside of
any applicable statute of limitations to be considered an asset of the debtor's estate.

4.      Furthermore, as there are little to no claims against the debtor's estate I

believe this acquisition of these funds is an exercise to line the pockets of the Chapter 7

trustee as to administration expenses to be billed against the debtor's estate.

5.      My mother is in frail health and I believe we are being taken advantage as

there is no debts or assets of the estate to be truly administered.

**WHEREFORE**, your affirmant respectfully requests an order expunging Claim #6 and

Claim #7 filed by Chase Bank USA, N.A. and an Order altering and amending the

June 9, 2015 Order of this Court and staying the transfer of the subject

assets until this motion is resolved, together with any other and further relief

that this court deems just and proper.

LIBI HERZ

Sworn to before me this
12 day of June, 2017

Notary Public

DIANA YANOVITSKY
Notary Public - State of New York
NO. 01YA6135186
Qualified in Kings County
My Commission Expires Oct 17, 2017

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
............................................................

In Re:                                      AFFIDAVIT IN SUPPORT

                                            Chapter 7

         DAVID HERZ                         Case No. 11-42921-CEC

                              Debtor.
............................................................

STATE OF NEW YORK   }
                    } ss.:
COUNTY OF KINGS     }

         ESTHER HERZ, being duly sworn and under the penalties of perjury

deposes and says:

         1.    I am the widow of the debtor in the above entitled bankruptcy proceeding

and as such I am familiar with the facts and circumstances of this action. I make this

affidavit in support of the instant motion objecting to the proofs of claim filed by Chase

Bank USA, N.A. and to reconsider the June 9, 2015 Order.

         2.    I have reviewed the proofs of claim submitted by this Creditor. I object to

the debt. Furthermore, pursuant to my previous attorney's communications with Chase it

is purported that Chase no longer has a claim on its credit cards which is the basis for its

proof of claim. Neither Chase nor other creditors made claims against my husbands estate

before the Trustee gave them notice.

         3.    I object to the inheritance funds held by Peter Robert Alfred Birchwood as

Trustee for the Estate of Ellen Ruth Silberman being transferred to the Chapter 7 trustee,

Richard E. O'Connell. In 2014 I was contact by the trustee and he demanded $100,000

or he would reopen my case and make my life miserable. I believe these funds to be

exempt, abandoned and/or outside of any applicable statute of limitations to be considered an asset of the debtor's estate.

4.    Furthermore, as there are little to no claim against the debtor's estate I believe this acquisition of these funds is an exercise to line the pockets of the Chapter 7 trustee as to administration expenses to be billed against the debtor's estate.

5.    I am in frail health and I believe we are being taken advantage as there is no debts of the estate to be truly administered. I want my fees and expenses associated with this litigation reimbursed by the trustee.

**WHEREFORE**, your affirmant respectfully requests an order expunging Claim #6 and Claim #7 filed by Chase Bank USA, N.A. and an Order altering and amending the June 9, 2015 Order of this Court and staying the transfer of the subject assets until this motion is resolved, together with any other and further relief that this court deems just and proper

_E. HERZ_
ESTHER HERZ

Sworn to before me this
12 day of June, 2017

_Notary Public_

DIANA YANOVITSKY
Notary Public - State of New York
NO. 01YA6135186
Qualified in Kings County
My Commission Expires Oct 17, 2017

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------
In Re:

                                   Chapter 7

    DAVID HERZ

                                   Case No. 11-42921cec

               Debtor.
-------------------------------------------------------

### CERTIFICATE OF SERVICE

State of New York }

County of Kings   }

     I, Elizabeth Graves, hereby declare, under penalty of perjury under the

laws of the United States of America, and pursuant to 28 U.S.C. Sec. 1746,

that on June 13, 2017, I caused to be served a copy of the within Debtor's

Motion to Expunge Claim No.'s 6 & 7 and Motion to Reconsider on the

attached list of interested parties via ECF.

Dated:      June 13, 2017
              Brooklyn, New York      *Elizabeth Graves*

                                       Elizabeth Graves

TO:

Richard Klass, Esq.
16 Court Street, 28th Floor
Brooklyn, NY 11241

Rawle Pantaleon, Esq.
175 Crown St
Brooklyn, NY 11225

Bruce Weiner, Esq.
Rosenberg Musso & Weiner LLP
26 Court Street
Suite 2211
Brooklyn, NY 11242

Richard E. O'Connell, Esq.
Yost & O'Connell
Post Office Box 405
150-12 14th Avenue
Whitestone, NY 11357

Moshie Solomon, Esq.
Law Offices of Moshie Solomon, P.C.
5 Penn Plaza
23rd Floor
New York, NY 10001

U.S. Trustee
United States Trustee
271 Cadman Plaza East
Suite 4529
Brooklyn, NY 11201

A

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT    Eastern District of New York | | PROOF OF CLAIM |
|---|---|---|
| Name of Debtor:<br><br>David Herz | Case Number:<br><br>11-42921 | |

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>Chase Bank USA, N.A. | **COURT USE ONLY** |
|---|---|
| Name and address where notices should be sent:<br>Chase Bank USA, N.A., Attn: Correspondence Dept.<br>P.O. Box 15298<br>Wilmington, DE 19850-5298<br><br>Telephone number:                 email: | ☐ Check this box if this claim amends a previously filed claim.<br><br>**Court Claim Number:** _____<br>*(If known)*<br><br>Filed on: _____ |
| Name and address where payment should be sent (if different from above):<br>Chase Bank USA, N.A.<br>PO Box 15145<br>Wilmington, DE 19850-5145<br><br>Telephone number: (800) 545-5659      email: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars. |

**1. Amount of Claim as of Date Case Filed:**      $                5,769.96

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☑ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** Credit Card
(See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor:<br><br>2  6  8  7 | 3a. Debtor may have scheduled account as:<br><br><br>(See instruction #3a) | 3b. Uniform Claim Identifier (optional):<br><br><br>(See instruction #3b) |
|---|---|---|

| 4. Secured Claim (See instruction #4)<br>Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.<br><br>Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other<br>Describe:<br><br>Value of Property: $_____<br><br>Annual Interest Rate_____% ☐ Fixed  or  ☐ Variable<br>(when case was filed) | Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:<br>                                              $_____<br><br>Basis for perfection: _____<br><br>Amount of Secured Claim:    $_____<br><br>Amount Unsecured:         $_____ |
|---|---|

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

| ☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B). | ☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4). | ☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5). | Amount entitled to priority: |
|---|---|---|---|
| ☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7). | ☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8). | ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(___). | $_____ |

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

## CHASE BANK USA, N.A.
## BANKRUPTCY RULE 3001 STATEMENT

| | |
|---|---|
| Case # | 11-42921 |
| Debtor Name | David Herz |
| Joint Debtor Name | |
| Last 4 of Account Number | 2687 |
| Itemization of Debt pursuant to Bankruptcy Rule 3001(c)(2)(A) | |
| Principal | $5,699.73 |
| Interest | $60.23 |
| Fees | $0.00 |
| Expenses | $0.00 |
| Other Charges | $0.00 |
| Claim Amount | $5,759.96 |
| Additional Information for Claim Based on Open-End or Revolving Consumer Credit Agreement pursuant to Bankruptcy Rule 3001(c)(3) | |
| Entity from whom Chase Bank USA, N.A. purchased the account | N/A |
| Entity to whom debt was owed at the time of the last transaction | Chase Bank USA, N.A. |
| Date of last transaction | 4/11/2011 |
| Last payment date | 3/21/2011 |
| Charge-off/Charged to profit & loss date | 6/17/2011 |

Herz 2687 - 3001.xls

# B

## ROSENBERG, MUSSO & WEINER, LLP
### Attorneys At Law

BRUCE WEINER
ROBERT J. MUSSO

LOUIS P. ROSENBERG
(1908-1997)

ROBERT NADEL

26 COURT STREET
SUITE 2211
BROOKLYN, N.Y. 11242

(718) 855-6840
FAX NO. (718) 625-1966

Email: rmwlaw@att.net

May 8, 2015

### Fax Only: (866) 643-9628

Chase Bank
Correspondence Dept.

      **Re:**   **David Herz**
             **Bankruptcy Case #: 14-42921**

Dear Madam/Sir:

This office represents Esther Herz, the widow of David Herz. I also now represent Mrs. Herz in her husband's bankruptcy case. Last night I had lengthy phone conversations with Matt, Will and Amal of Chase. Amal suggested I send this letter as the legal representative. David Herz filed chapter 7 bankruptcy on April 8, 2011. Mr. Herz died on January 4, 2013 ( copy of death certificate Ex. 1). Chase filed proof of claim #6 on February 23, 2015 (Ex. 2) and claim #7 on February (Ex. 3). Chase did not learn of Mr. Herz's death until recently – a time after Chase filed the claims in the bankruptcy case.

Mrs. Herz has been advised that due to her husband's death, Chase no longer has a claim on its credit cards, which was the basis for the proofs of claim.

With this letter Esther Herz is requesting Chase declare its claim a nullify and withdraw the proofs of claims filed in the bankruptcy court.

Mrs. Herz appreciates the actions of Chase to resolve this matter.

Very truly yours,

Robert J. Musso

RJM:cc

cc:   Esther Herz

# C

**Cardmember Service**
Post Office Box 15298
Wilmington, DE 19850-5298
1-800-436-7937



05/26/2015

ESTHER HERZ
1148 E 10TH ST
BROOKLYN NY 11230

RE: 426690203602XXXX

Dear Esther Herz:

This letter is confirmation that you have been removed from the credit card account indicated above.
This change was effective on April 18, 2011.

If you have additional questions, please call us at the toll-free number noted above. For your
convenience, we are available 24 hours a day to assist you.

Sincerely,

Kristi Carnnahan
Senior Servicing Specialist

CUST8650                    2589688088_1.doc                    1445674326

Cardmember Service
Post Office Box 15298
Wilmington, DE 19850-5298
1-800-436-7937



05/26/2015

ESTHER HERZ
1148 E 10TH ST
BROOKLYN NY 11230

RE: 426690203602XXXX (2687)

Dear Esther Herz:

This letter is confirmation that you have been removed from the credit card account indicated above. This change was effective on April 18, 2011.

If you have additional questions, please call us at the toll-free number noted above. For your convenience, we are available 24 hours a day to assist you.

Sincerely,

Kristi Carnnahan
Senior Servicing Specialist





# D

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT | Eastern District of New York | PROOF OF CLAIM |
|---|---|---|

**Name of Debtor:**
David Herz

**Case Number:**
11-42921

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

**Name of Creditor** (the person or other entity to whom the debtor owes money or property):
Chase Bank USA, N.A.

**Name and address where notices should be sent:**
Chase Bank USA, N.A., Attn: Correspondence Dept.
P.O. Box 15298
Wilmington, DE 19850-5298

**Telephone number:**          email:

**COURT USE ONLY**

☐ Check this box if this claim amends a previously filed claim.

**Court Claim Number:**_____
(If known)

Filed on:_____

**Name and address where payment should be sent** (if different from above):
Chase Bank USA, N.A.
PO Box 15145
Wilmington, DE 19850-5145

**Telephone number:** (800) 545-5659          email:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:** $          1,872.54

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☑ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** Credit Card
(See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:**
8 1 2 3

**3a. Debtor may have scheduled account as:**
(See instruction #3a)

**3b. Uniform Claim Identifier (optional):**
(See instruction #3b)

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ☐Real Estate ☐Motor Vehicle ☐Other
Describe:

**Value of Property:** $_____

**Annual Interest Rate**_____% ☐Fixed or ☐Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$_____

**Basis for perfection:**_____

**Amount of Secured Claim:** $_____
**Amount Unsecured:** $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

**Amount entitled to priority:**
$_____

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

## CHASE BANK USA, N.A.
## BANKRUPTCY RULE 3001 STATEMENT

| Case # | 11-42921 |
|---|---|
| Debtor Name | David Herz |
| Joint Debtor Name | |
| Last 4 of Account Number | 8123 |
| Itemization of Debt pursuant to Bankruptcy Rule 3001(c)(2)(A) | |
| Principal | $1,822.56 |
| Interest | $24.98 |
| Fees | $25.00 |
| Expenses | $0.00 |
| Other Charges | $0.00 |
| Claim Amount | $1,872.54 |
| Additional Information for Claim Based on Open-End or Revolving Consumer Credit Agreement pursuant to Bankruptcy Rule 3001(c)(3) | |
| Entity from whom Chase Bank USA, N.A. purchased the account | N/A |
| Entity to whom debt was owed at the time of the last transaction | Chase Bank USA, N.A. |
| Date of last transaction | 4/12/2011 |
| Last payment date | 3/30/2011 |
| Charge-off/Charged to profit & loss date | 6/12/2011 |

Herz 8123 - 3001 Final

E

Cardmember Service
Post Office Box 15298
Wilmington, DE 19850-5298
1-800-436-7937



05/26/2015

ESTHER HERZ
1148 E 10TH ST
BROOKLYN NY 11230

RE: 418582171723XXXX (8123)

Dear Esther Herz:

This letter is confirmation that you have been removed from the credit card
account indicated above. This change was effective on April 13, 2011.

If you have additional questions, please call us at the toll-free number noted
above. For your convenience, we are available 24 hours a day to assist you.

Sincerely,


Kristi Carnnahan
Senior Servicing Specialist

**Cardmember Service**
Post Office Box 15298
Wilmington, DE 19850-5298
1-800-436-7937



05/26/2015

ESTHER HERZ
1148 E 10TH ST
BROOKLYN NY 11230

RE: 418582171723XXXX (8123)

Dear Esther Herz:

This letter is confirmation that you have been removed from the credit card
account indicated above. This change was effective on April 13, 2011.

If you have additional questions, please call us at the toll-free number noted
above. For your convenience, we are available 24 hours a day to assist you.

Sincerely,

Kristi Carnnahan
Senior Servicing Specialist

**F**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x
In re:

                                  Chapter 7

DAVID HERZ,                       Case No. 11-42921 (CEC)

                     Debtor.
-----------------------------------------------------x

## ORDER DIRECTING TURNOVER OF ESTATE PROPERTY

        Upon the motion, dated March 24, 2015 (the "Motion"), of Richard E. O'Connell,

Chapter 7 Trustee for the estate (the "Estate") of David Herz (the "Debtor"), for entry of an order

pursuant to 11 U.S.C. §§ 541(a) and 542(a) directing Peter Robert Alfred Birchwood as Trustee for

the Estate of Ellen Ruth Silberman (the "Silberman Estate") to turn over to the Trustee certain

property of the Estate; and it appearing that the relief requested in the Motion is appropriate and

warranted under the circumstances set forth in the Motion; and this Court having considered the

Motion and the exhibits attached thereto; and a hearing on the Motion having been held before

this Court on May 28, 2015 and the record thereof; and all objections to the Motion having being

heard by this Court and overruled;

        NOW THEFERFORE,

        IT IS ORDERED, that Peter Robert Alfred Birchwood as Trustee for the Estate of

Ellen Ruth Silberman be and hereby is directed to turn over and remit any and all funds that the

Debtor is entitled to receive from the Silberman Estate directly to Richard E. O'Connell as

Chapter 7 Trustee for the Estate of David Herz.



**Dated: Brooklyn, New York**
**June 9, 2015**

                              _Carla E. Craig_
                            **Carla E. Craig**
                    **United States Bankruptcy Judge**